IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARYL W. SMITH,

       Petitioner,

v.                              Civil Action No. 1:12CV161
                              (Criminal Action No. 1:03CR39-09)
UNITED STATES OF AMERICA,                (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION THAT PETITIONER'S**
**28 U.S.C. § 2255 PETITION BE DENIED**

The pro se[1] petitioner, Daryl W. Smith, filed a motion to vacate, set aside, or correct his sentence. Thereafter, United States Magistrate Judge James E. Seibert entered a report and recommendation denying the petitioner's motion. The petitioner has not filed objections.

I. Background

The petitioner was initially named in five counts of a twenty nine count indictment; however, in the superseding indictment, the petitioner was named in six counts. Additionally, the respondent filed an information under 21 U.S.C. § 851 regarding petitioner's two prior felony drug convictions. The petitioner went to trial and was convicted on three counts and found not guilty on three counts. He was convicted of conspiracy to distribute more than 50

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

grams of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1), 846, and 841 (b)(1)(A); aiding and abetting the distribution of cocaine base within 1,000 feet of a protected area (a playground) in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C), 860, and 18 U.S.C. § 2; and possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to this Court's directive, a presentence investigation report was prepared which recommended relevant conduct in excess of 500 grams of cocaine base, and an enhancement for obstruction of justice for intimidating and threatening witnesses. In addition, the petitioner received a one level enhancement for his conviction in violation of 21 U.S.C. § 860, distribution activity within 1,000 feet of a protected area. On May 19, 2004, the petitioner was sentenced to 360 months imprisonment.

Thereafter, the petitioner filed two direct appeals of his sentence. In the first appeal, the United States Court of Appeals for the Fourth Circuit upheld the petitioner's conviction but vacated the sentence for reconsideration and re-sentencing pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). On remand, this Court re-sentenced the petitioner to 360 months. In the second appeal, the Fourth Circuit affirmed the new sentence. The petitioner then appealed to the United States Supreme Court. However, his writ of certiorari was denied.

In 2009 and 2011, the petitioner received reductions in his sentence pursuant to 18 U.S.C. § 3582; his sentence has now been reduced to 235 months. In 2011, the petitioner filed a motion pursuant to Federal Rule of Criminal Procedure Rule 36, this Court denied that motion. The Fourth Circuit affirmed.

The petitioner filed his first § 2255 motion in 2008. That motion was denied by this Court in August 2010. The petitioner did not appeal. In this second § 2255 motion, the petitioner contends that pursuant to a defense objection sustained by this Court at re-sentencing, the applicable statutory term of imprisonment of 0-30 years he received was not in accordance with the Fourth Circuit's decision in United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005). The petitioner argues that he should have been sentenced under the "Default Penalty Provision" of under five grams of cocaine base, entitling him to a sentencing guideline range of 100-125 months of imprisonment. He asks for relief that his sentence be reduced to that guideline range based on the reasoning of Collins.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. Magistrate Judge Seibert issued a report and recommendation recommending that petitioner's § 2255 motion be denied and dismissed. In his report and recommendation, the magistrate judge

informed the petitioner of his right to object to the recommendations therein within fourteen days after being served with a copy of the report and recommendation. The petitioner did not file objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his § 2255 motion, the petitioner claims that he is entitled to a reduction in his sentence under <u>Collins</u> and the "Default Penalty Provision" of under five grams of cocaine base. The petitioner asks this Court to reduce his sentence to within the guideline range of 100-125 months of imprisonment.

Section 2255 provides that a successive motion must be certified by a panel of the appropriate court of appeals and must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. To be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).

The magistrate judge reported that the petitioner's first § 2255 motion was dismissed on the merits, and that the petitioner has not obtained authorization from the Fourth Circuit to file this successive § 2255 motion in this Court. Further, the magistrate judge found that the petitioner has not alleged newly discovered evidence or any new rule of constitutional law that was previously unavailable to him. Thus, this Court has no jurisdiction over this action and must either dismiss for lack of jurisdiction or transfer this action to the Fourth Circuit so that it may perform its "gatekeeping function under § 2244(b)(3)." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Based on the above analysis, this Court agrees with the magistrate judge's findings and his recommendation that this motion be dismissed for lack of jurisdiction. The petitioner has failed to obtain the leave of the Fourth Circuit and has further failed to allege any new evidence or a rule of constitutional law that was previously unavailable to him.

For the reasons stated above, this Court adopts the magistrate judge's findings.

## IV. Conclusion

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety. The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 10, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE